## THIRD DEPARTMENT, DECEMBER, 1917.

Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of DORA BERISSO and Minor Dependents, Respondents, for Compensation under the Workmen's Compensation Law, for the Death of GEORGE G. BERISSO, against ANNIE L. EAGAN, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Workmen's compensation — verbal notice of accident to employer.

Appeal from an award of the State Industrial Commission, entered on the 6th day of July, 1917.

Award reversed and matter remitted to the Commission on the authority of Dorb v. Stearns & Co. (180 App. Div. 138). All concurred, except Kellogg, P. J., dissenting in memorandum, in which Lyon, J., concurred.

KELLOGG, P. J. (dissenting): The accident was May nineteenth, the death May twenty-seventh. Verbal notice was given May twenty-eighth. Upon the blanks furnished by the Commission they asked the claimant to state, "Has notice been served on employer?" She answered, "Yes." To the question, "If so, how? (by delivery or registered mail)" she answered, "verbally." To the question, "What date?" she answered, "About May 28th, 1916." Neither party introduced any evidence upon that subject and the position of each must rest upon those answers. The notice referred to in the blanks furnished by the Commission evidently relates to notice of the facts required by law to be given. We must, therefore, conclude that the only defect in the notice of death was that it was verbal and not written. All reasonable intendments are in favor of the claim and of the service of proper notice. The Commission finds that after the injury the claimant was in no condition to give notice and that he died within the ten days, and that the employer having verbal notice of the death next day was not prejudiced. The requirement of notice is not to defeat the employee by a technicality, but is to secure to the employer an opportunity to investigate the facts and find whether it has a defense. When the employer received verbal notice, it had every advantage it could have acquired if a written notice had been given; it was enabled fully to ascertain the facts and defend itself. Upon the record it was a fair question of fact whether, the notice being verbal instead of written but being within the statutory time, the employer and carrier were prejudiced by the fact that it was not in writing. The conclusion of the Commission upon that question of fact is binding upon us. I favor an affirmance. Lyon, J., concurred.

